UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF FLORIDA ex rel. RANDI FERRARE, <br><br> Plaintiffs <br><br> v. <br><br> MORTON PLANT MEASE HEALTH CARE, INC. <br><br> Defendant. | 8:08-cv-01689-T-26 MSS <br> CASE NO. <br><br> Filed Under Seal Pursuant to 31 U.S.C. § 3730(b)(2) <br> Do Not Place in Press Box or Enter on PACER or Any Publicly Accessible System |

## FALSE CLAIMS ACT QUI TAM COMPLAINT AND DEMAND FOR JURY TRIAL

1.  Rene Ferrare ("Relator") brings this action on behalf of the United States of America and the State of Florida against Defendant Morton Plant Mease Healthcare, Inc. for treble damages and civil penalties for the Defendant's violations of the False Claims Act, 31 U.S. C. § 3729 *et seq.*

2.  As required by the False Claims Act, 31 U.S.C. § 3730(b)(2), Relator has provided previously to the Attorney General of the United States, the United States Attorney for the Middle District of Florida, the Attorney General of Florida and the Chief Financial Officer of Florida, a statement of all material evidence and information related to the complaint. This disclosure statement is supported by material evidence known to Relator establishing the existence of Defendant's false claims. Because the disclosure statement includes attorney-client communications and work product of Relator's attorneys, and is submitted to the United States and the State of Florida in their capacity

1

as potential co-counsel in the litigation, the Relator understands this disclosure to be privileged and confidential.

## Jurisdiction and Venue

3. This action arises under the False Claims Act, 31 U.S.C. § 3729 *et seq.* This Court has jurisdiction over this case pursuant to 31 U.S.C. § 3732(a) and 3730(b) of the False Claims Act; 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1345 (jurisdiction where United States is plaintiff); and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper in this district pursuant to 31 U.S.C. § 3732(a), because the acts proscribed by 31 U.S.C. § 3729 *et seq.* and complained of herein took place in this district. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because at all relevant times Defendant transacted business in this district.

## Parties

5. Relator Rene Ferrare was employed by Defendant Morton Plant Mease Health Care, Inc. as its Director of Health Management Services from November 13, 2006 through June 10, 2008, when she was fired because of lawful acts done by Relator in furtherance of an investigation for a False Claims Act *qui tam* action.

6. Defendant Morton Plant Mease Health Care, Inc. is a health care system which operates numerous hospitals and other health care facilities in Pinellas County and Pasco County, Florida including Morton Plant Hospital, Morton Plant North Bay Hospital, Mease Countryside Hospital, and Mease Dunedin Hospital.

## Medicare and Medicaid Program Requirements

7. The Medicare and Medicaid programs reimburse hospitals at a higher rate if a patient is admitted as an inpatient than if a patient is treated on an outpatient basis or is placed in an observation status.

8. The Medicare and Medicaid programs require hospitals to maintain true and accurate records supporting the level of service stated on claims submitted for reimbursement.

## COUNT ONE

### Presenting and Causing to Be Presented False and Fraudulent Claims In Violation of 31 U.S.C. § 3729(a)(1) and Florida Statute § 68.082(2)(a)

9. Relator realleges and incorporates by reference paragraphs 1 through 8.

10. From at least November 2006 through March 3, 2008, Defendant routinely, and as a pattern and practice, knowingly presented and caused to be presented false and fraudulent Medicare and Medicaid claims for payment in violation of 31 U.S.C. § 3729(a)(1) and Florida Statutes § 68.082(2)(a) by causing what should have been billed as outpatient visits for elective interventional cardiac procedures to be billed as inpatient visits.

11. From at least November 2006 through at approximately May 2007, Defendant routinely, and as pattern and practice, knowingly presented and caused to be presented false and fraudulent Medicare and Medicaid claims for payment in violation of 31 U.S.C. § 3729(a)(1) and Florida Statutes § 68.082(2)(a) by causing what should have been billed as outpatient visits for elective surgeries to be billed as inpatient visits.

12. From at least November 2006 through at least June 2008 and continuing to the present, Defendant routinely, and as a pattern and practice, knowingly presented and caused to be presented false and fraudulent Medicare and Medicaid claims for payment in violation of 31 U.S.C. § 3729(a)(1) and Florida Statutes § 68.082(2)(a) by causing what should have been billed as observation visits following treatment by a hospital emergency department to be billed as inpatient visits.

## COUNT TWO

**Making and Using False Statements and Records To Get False and Fraudulent Claims Paid in Violation of 31 U.S.C. § 3729(a)(3) and Florida Statutes § 68.082(2)(b)**

13. Relator realleges and incorporates by reference paragraphs 1 through 12.

14. From at least November 2006 through March 3, 2008, Defendant routinely, and as a pattern and practice, knowingly made and used false statements and records to get false and fraudulent Medicare and Medicaid claims paid for elective interventional cardiac procedures billed as inpatient visits which should have been billed as outpatient visits.

15. From at least November 2006 through approximately May 2007, Defendant routinely, and as a pattern and practice, knowingly made and used false statements and records to get false and fraudulent Medicare and Medicaid claims paid for elective surgeries billed as inpatient visits which should have been billed as outpatient visits.

16. From at least November 2006 through at least June 2008 and continuing to the present, Defendant routinely, and as a pattern and practice, knowingly made and used false statements and records to get false and fraudulent Medicare and Medicaid claims

4

paid for inpatient visits which should have been billed as observation visits following treatment by a hospital emergency department.

## COUNT THREE

### Unlawful Termination in Violation of 31 U.S.C. § 3730(h)

17. Relator realleges and incorporates by reference paragraphs 1 through 16.

18. On June 10, 2008, Defendant unlawfully terminated Relator's employment as Director, Health Management Services because of lawful acts done by Relator in furtherance of an investigation for a False Claims Act *qui tam* action.

### Prayer for Relief

WHEREFORE, Relator respectfully requests that this Court enter judgment against Defendant and order:

(a) That the United States be awarded damages in the amount of three times the damages sustained by the United States because of the false and fraudulent claims alleged within this Complaint, as the False Claims Act, 31 U.S.C. § 3729 *et seq.* provides;

(b) That civil penalties of $11,000 be imposed for each and every false and fraudulent claim that Defendant presented and caused to be presented to the United States;

(c) That pre and post-judgment interest be awarded, along with reasonable attorneys' fees, costs and expenses which Relator necessarily incurred in bringing and pressing this case;

(d) That the Court grant permanent injunctive relief to prevent any recurrence of the False Claim Act violations for which redress is sought in this Complaint;

(e) That the Relator be awarded the maximum amount allowed pursuant to the False Claims Act;

(f) That the Relator be awarded two times the amount of back pay, interest on the back pay, reinstatement with the same seniority status Relator would have had, and compensation for any special damages sustained, including litigation costs and reasonable attorney fees; and

(g) That this Court award such other and further relief as it deems proper.

### Demand for Jury Trial

Relator, on behalf of herself and the United States, demands a jury trial on all claims alleged herein.

Dated August 27, 2008.

Respectfully submitted,

_____
Barry A. Cohen
bcohen@tampalawfirm.com
Florida Bar No. 096478
Christopher P. Jayson
cjayson@tampalawfirm.com
Florida Bar No. 0472344
Kevin J. Darken
kdarken@tampalawfirm.com
Florida Bar No. 0090956
COHEN, JAYSON & FOSTER, P.A.
201 East Kennedy Boulevard, Suite 1000
Tampa, Florida 33602
(813) 225-1655
Attorneys for *Qui Tam* Relator